IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMIR FATIR, et al.,     :
            :
      Plaintiffs,     :
            :
   v.     : Civil Action No. 18-933-CFC
            :
SGT. RUSSELL,     :
            :
      Defendant.     :

---

Amir Fatir, Jermaine D. Laster, and Robert W. Johnson, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, and Antonio R. Bailey, Howard R. Young Correctional Institution, Wilmington, Delaware.  Pro Se Plaintiffs.

Kenneth Lee-Kay Wan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant.

**MEMORANDUM OPINION**

February 4, 2021
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

Plaintiffs, all of whom were inmates housed at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware during the relevant time frame, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights. (D.I. 1) They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Amended Complaint, filed June 10, 2019, is the operative pleading. (D.I. 80) Before the Court is Defendant's motion to dismiss. (D.I. 98) The matter is fully briefed.

I. BACKGROUND

The following facts are taken from the Amended Complaint and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiffs allege that Defendant Sgt. Russell retaliated against them after they lodged Prison Rape Elimination Act ("PREA") complaints following a strip search on March 31, 2018 at the JTVCC. (D.I. 80) Two days after Plaintiffs made the PREA report, Russell arrived at their annex and announced that he was going to "hold it on Dorm 3" and thereafter began a "campaign of retaliation." (*Id.* at 2)

II. LEGAL STANDARDS

Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

1

Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d at 64. The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

## III. DISCUSSION

Defendant seeks dismissal on two grounds: First, that Plaintiffs failed to exhaust their administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a); and second, that all claims against Defendant in his official capacity are barred by the Eleventh Amendment.

### A. Administrative Remedies

Defendant argues that dismissal is appropriate because no Plaintiff submitted a request for an investigation of Defendant's actions or alleged the unavailability of an administrative remedy process. Plaintiffs oppose and argue that Plaintiff Amir Fatir ("Fatir") wrote to various prison officials on behalf of all Plaintiffs and sought an investigation of Defendant's conduct, but received no reply. They also state that the

2

law library refused to photocopy letters to prison officials. Plaintiffs contend they "jumped through every hoop and ran the full obstacle course defendant improperly set up to deny Plaintiff's right of access to the courts." (D.I. 99 at 6) Finally, Plaintiffs argue they submitted grievances regarding Defendant's conduct and the grievances were returned unprocessed. (*Id.* at 7) Plaintiffs provided a copy of one grievance submitted by Fatir that was returned as unprocessed. (*Id.* at 9, 10, 12, 13) Defendant replies that Plaintiffs failed to produce any documents to show that they exhausted their administrative remedies and that the claims of Plaintiffs Jermaine Laster, Robert Johnson, Jr., and Antonio Bailey should be dismissed because they failed to proffer any evidence that each, individually, exhausted their administrative remedies.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The PLRA requires "proper exhaustion," meaning exhaustion of those administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199 (2007); *West v. Emig*, 787 F. App'x 812, 814) (3d Cir. 2019); *see also Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to

3

exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."). Failure to exhaust administrative remedies must be pled and proved by the defendant. *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Exhaustion applies only when administrative remedies are "available." *See Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850 (2016). Administrative remedies are not available when the procedure "operates as a simple dead end--with officers unable or consistently unwilling to provide any relief to aggrieved inmates," where it is "so opaque that it becomes, practically speaking, incapable of use," or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. "Just as inmates must properly exhaust administrative remedies per the prison's grievance procedures, prison officials must strictly comply with their own policies." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019) ("[W]e hold that [the PLRA] requires strict compliance by prison officials with their own policies."). "When an administrative process is susceptible [to] multiple reasonable interpretations, . . . the inmate should err on the side of exhaustion.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859).

It is Defendant's burden to prove Plaintiffs did not exhaust their administrative remedies. Defendant did not meet that burden. Contrary to Defendant, who provided nothing to the Court to support his position (other than argument), Plaintiffs at least provided a copy of a grievance that on its face appears to have been returned unprocessed. A mere affidavit with supporting documentation from Defendant may

4

have sufficed. See *Rinaldi v. United States*, 904 F.3d 257 n.1 (3d Cir. 2018) ("[W]here a defendant moves to dismiss based on a failure-to-exhaust defense and the exhaustion issue turns on [ ] indisputably authentic documents related to [the inmate's] grievances, we may consider those documents without converting [a motion to dismiss] to a motion for summary judgment.") (internal quotation marks and citations omitted) (brackets in original). Because it is Defendant's burden to prove the exhaustion defense, *Small*, 728 F.3d at 268-69, the motion to dismiss for failure to exhaust administrative remedies will be denied.

## B. Eleventh Amendment

Defendant seeks dismissal of official capacity claims to the extent Plaintiffs intended to raise such claims. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009).

Any claims seeking monetary damages from Defendant in his official capacity are barred by the Eleventh Amendment. The Court will therefore grant Defendant's motion to dismiss those claims.

5

### C.     Plaintiff Antonio Bailey

Bailey was housed at JTVCC when this action was commenced. According to the Court docket he is currently housed at the Howard R. Young Correctional Institution. Defendant's motion to dismiss notes that Bailey is no longer incarcerated and is in the custody of probation and parole. (*See* D.I. 98 at n.2) In his reply brief, Defendant seeks Bailey's dismissal because he did not sign Plaintiffs' opposition to the motion to dismiss. (*See* D.I. 100 at 4) Because the request was made in Defendant's reply brief, the Court will not consider the request as a motion to dismiss. Such a request should have been made by separate motion.

The Court makes two observations. First, the Court docket indicates that Bailey is housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, and the motion to dismiss for Bailey was mailed to an address in Seaford, Delaware. Given the different addresses, it is unknown if Bailey was aware of the motion to dismiss. Second, inmates are not allowed to correspond with other inmates, making it impossible for the Plaintiffs housed at JTVCC to correspond with Bailey assuming he remains incarcerated. Nor is it not known if Bailey was made aware of the response so that he could join it. Therefore, the Court declines Defendant's request to dismiss Bailey.

### IV.    CONCLUSION

For the above reasons, the Court will grant in part and deny in part Defendant's motion to dismiss (D.I. 98).

An appropriate order will be entered.