IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 18-933-CFC |
| ) | |
| SGT. DENNIS RUSSELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. INTRODUCTION

Plaintiff Amir Fatir, an inmate at the James T. Vaughn Correctional Center, in Smyrna, Delaware, filed a motion for my recusal pursuant to 28 U.S.C. § 455 and § 144. (D.I. 108) Antonio R. Bailey, Jermaine D. Laster, and Robert W. Johnson, Jr. are also named plaintiffs.

### II. DISCUSSION

Fatir has submitted an affidavit to support his motion for my disqualification under § 144. (D.I. 108 at 4) Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Plaintiff submitted a five paragraph affidavit in support of his motion. (*Id.*)

In the affidavit, Plaintiff states that: (1) he recently learned that while I was the U.S. Attorney for the District of Delaware, I was specially detached to the Delaware

1

Department of Justice to work in partnership with DOJ attorneys to prosecute Thomas Capano; (2) he believes that the relationship makes the DOJ opposing counsel my defacto former law partners; (3) the DOJ represents Defendant Russel; and (4) the interlocking relationship presents a possible conflict of interest, personal bias, the appearance of impropriety and prejudice against Plaintiffs and prejudice in favor of Defendants.  (D.I. 108 at 4, ¶¶ 2-5)

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit.  *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge").  The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions.  *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976).  An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature."  *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Here, it is evident that Fatir's allegations of bias consist of subjective conclusions based upon a case I prosecuted over twenty years ago.  *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). Evaluating Fatir's affidavit and motion for recusal, I find no basis from which to conclude that the Court has a personal bias or prejudice against Plaintiffs or in favor or any Defendant to

2

warrant recusal under 28 U.S.C. § 144. Significantly, Fatir has failed to carry his burden of making the threefold showing as to (1) specific facts (2) that could convince a reasonable person that a bias exists and (3) that the bias was personal as opposed to judicial in nature. *United States v. Thompson*, 483 F.2d at 528. To the contrary, Fatir has presented conclusory and broad statements premised entirely on conjecture. Fatir has not met the requirements of § 144, and his motion for my recusal under 28 U.S.C. § 144 will be denied.

Fatir also seeks my recusal under 28 U.S.C. § 455. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Plaintiff's ground for recusal arises under § 455(b)(3). Under § 455(b)(3), a judge is required to recuse himself "[w]here he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." With regard to a judge who formerly served in the United States Attorney's Office, "absent a specific showing that that judge was previously involved

3

with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a judge, § 455(b)(3) does not mandate recusal." *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir 1988). Fatir offers no evidence that I was involved in this case while I served in the United States Attorney's Office. Nor has Fatir established that a reasonable person would conclude that my impartiality might be questioned based on his prior employment as the United States Attorney for the District of Delaware or as Assistant United States Attorney. *See generally Liteky v. United States*, 510 U.S. 540, 555 (1994); *Brown v. Mace-Liebson*, 779 F. App'x 136, 142-43 (3d Cir. 2019). Moreover, after careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Fatir and that a reasonable, well-informed observer would not question my impartiality. After considering Fatir's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

### III. DISMISSAL OF BAILEY

On March 30, 2021, the Court ordered Plaintiff Antonio R. Bailey, on or before April 30, 2021, to pay the $2.81 initial partial filing fee he owed and to either file a long form application to proceed without prepayment of fees and affidavit so that the Court may determine whether he is still eligible to proceed without prepayment of the balance of the $350.00 filing fee or pay the filing fee owed (after payment of the initial partial filing fee.). The time has lapsed, and Bailey has not complied with the Court's March 30, 2021. Therefore, Bailey will be dismissed without prejudice for failure to comply with the Court's March 30, 2021 Order.

4

## IV.    CONCLUSION

For the above reasons, the Court will: (1) deny the motion for recusal (D.I. 108) and (2) dismiss Plaintiff Antonio R. Bailey for failure to comply with the Court's March 30, 2021 Order.

An appropriate order will be entered.

                                                                           _____
                                                                                        Chief Judge

January _18_, 2022
Wilmington, Delaware

5